Chief Justice Robertson
delivered the Opinion of the Court.
This was a proceeding by warrant for a forcible entry and detainer.
Stith, who was plaintiff in the warrant, had, in the year 1815, settled on a tract of land covered by Bank’s elder patent. He showed no connection with that title by either contract or claim. But he held a bond on one Thomas Lewis for a title to the land, and claimed, under that bond, a tract of land defined by a well marked boundary.
Jones, who was the defendant in the warrant, claiming under a junior patent to one Larue, covering the land claimed by Stith, and included also within the elder grant to Banks, entered within Stith’s boundary, in the year 1833, and enclosed some of the land claimed by him; and more than two years afterwards, he *434 cleared and enclosed a field which encroached still more on Stith’s claim, and for restitution of which the warrant was prosecuted.
An entry by a .party without ti■tle or right of en<try, upon land occupied by another, who is also without title , gives the former .possession of so much only of the ■land as he actually encloses. So,
Where a party holding under a junior patent, ex tended his fences and enclosed a part of his tract which was occupied adversely by a tenant under a title bond . — tho’ the latter didnot showthat his claim was connected with tthe elder patent —it is held, that the enclosure gave a possession of so much only .of the interference as it included ; and that a subsequent enclo sure of more of the interference, -was a tortious entry, for which a writ of forcible entry and detain-er can be main'tained.
There had never been any actual entry or possession under Banks’ patent, unless Stith’s occupancy could be deemed to have been subservient to Banks’ title. Nor had there been any entry or possession under Larue’s patent, until after Stith had settled on the land which he bought from Lewis.
Upon these facts, the Circuit Judge instructed the jury, in effect, that after Jones had been in the actual possession, for two years, of a part of the land within Stith’s boundary, Stith’s actual possession was, in judgment of law, circumscribed by his actual enclosure; and that, therefore, the subsequent extension of Jones’ enclosure, was not a forcible entry on Stith’s actual possession. And thereupon, a verdict and judgment were rendered in favor of Jones.
As the possession was vacant when Stith entered and settled on the land, in 1815, his entry and settlement gave him a constructive possession in fact of all the land embraced by the marked boundary coextensively with which he claimed to be entitled and to be possessed.
Nevertheless, had the patent under which Jones claimed and entered, in 1833, been the only one, or the oldest, granted for the land, his entry and occupancy for two years would have had the legal effect of ousting Stith’s constructive possession; because an entry on a tract of land with an intention to take possession of the whole, by a person having a legal right thus to enter, will give a constructive possession of at least so much of the entire tract as was not actually enclosed by the person on whose possession the entry was made.
But an entry, without title or right of entry, on land occupied by another also without title, will give the party entering actual possession only so far as he actually entered and enclosed.
Then, in this case, as Larue’s patent was younger than that of Banks, Jones had no right to enter within the interference between the patents. And conse *435 quently, as Stith was actually settled on the'land, the tor-tious entry by Jones, did not oust his constructive possession farther than there was an actual disseizen by Jones’ enclosure. As to the legal right of entry or possession, Jones, claiming under a junior patent, had no more title, in judgment of law, than Stith had to the land, now the subject of controversy in this suit.
Consequently, Stith, and not Jones, was constructively in the actual possession .of the land entered on and enclosed by Jones, in 1835, notwithstanding the previous entry upon and enclosure of other land by Jones, in 1833.
Wherefore, the instructions given by the Circuit Court, were erroneous. And therefore, the judgment must be reversed, and the cause remanded for a new. trial.